# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.M.**

**No. 17-1135** (Marion County CC-24-2017-JA-12)

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.M., by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's November 22, 2017, order terminating his parental rights to A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin M. Babineau, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent based upon abandonment and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, petitioner's counsel filed a brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before March 23, 2018. Petitioner, however, did not file a supplemental brief.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed an abuse and neglect petition against the parents.[2] The petition alleged that then fifteen-year-old A.M. moved out of her mother's home and was living with a friend's family member, and that the mother failed to supervise the child, abused drugs, and was incarcerated due to her substance abuse. The petition alleged that petitioner abandoned A.M.

The circuit court held a preliminary hearing in February of 2017. Petitioner failed to attend but was represented by counsel. In April of 2017, the circuit court held an adjudicatory hearing wherein petitioner failed to attend but was represented by counsel. Evidence was presented that petitioner had no relationship with A.M., failed to participate in the current case, and failed to participate in a prior abuse and neglect proceeding wherein A.M. was removed from the mother's care for approximately one year. After hearing evidence, the circuit court adjudicated petitioner as an abusing parent based upon his abandonment of A.M.

The circuit court held a dispositional hearing in August of 2017. Petitioner again failed to attend but was represented by counsel. Evidence was presented that petitioner had not participated in the case and had not contacted the DHHR. Further, petitioner advised the parties through his counsel that he did not desire contact with his child. The circuit court was also advised that A.M. desired that petitioner's parental rights be terminated. After hearing evidence, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination of his parental rights was in the child's best interests. It is from the November 22, 2017, dispositional order terminating petitioner's parental rights that he appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]The mother and A.M. resided in West Virginia. Petitioner resided in North Carolina.

[3]The mother voluntarily relinquished her parental rights during the proceedings below. The permanency plan for the child is legal guardianship with a friend's family member.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and in terminating his parental rights. However, we note that in his brief before this Court, petitioner failed to include a standard of review, to cite to a single case in support of his argument, and to cite to the appendix record. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on. . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief contains no citations to either applicable law or the record on appeal. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Rule 10(j) of the West Virginia Rules of Appellate Procedure further states that "[t]he failure to file a brief in accordance with this rule may result in the Supreme Court refusing to consider the case[.]" Petitioner's entire brief is inadequate, as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Accordingly, this Court will not address petitioner's assignments of error on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 22, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 11, 2018

3

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.